UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ROBERT WILLIAM LEZOTTE,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Defendant.  ) | **COMPLAINT**<br>**(Non-Jury Action Under the Federal Tort Claims Act, 28 U.S.C. §2402)** |

The Plaintiff, complaining of the Defendant above-named, hereby alleges and pleads as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671 et seq. Jurisdiction is founded on 28 U.S.C. §§ 1346(b), 2671 - 2680.

2. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1) because this is a civil action against the United States for money damages for personal injuries caused by the negligent acts of an employee of the United States acting within the scope of her employment.

3. Venue is proper in this District and Division under 28 U.S.C. § 1402(b), as the acts and omissions giving rise to this claim occurred in Charleston County, South Carolina.

4. Plaintiff, Robert William Lezotte, is a citizen and resident of Charleston County, South Carolina.

5. Defendant United States of America is a proper defendant under the FTCA for acts of federal employees acting within the scope of employment.

6. At all relevant times, Jamilah Somania Pinckley was an employee of the United States Postal Service (USPS), acting within the course and scope of her employment with the United States.

## ADMINISTRATIVE EXHAUSTION

7. Pursuant to 28 U.S.C. § 2675(a), Plaintiff timely filed a Standard Form 95 with the National Tort Claims Center on or about March 13, 2025, asserting a claim for personal injuries and property damage arising from the July 20, 2023, collision described herein.

8. The National Tort Claims Center acknowledged receipt on or about April 23, 2025, assigning File No. NT202525130.

9. More than six (6) months have elapsed since presentment of Plaintiff's claim, and no written denial has been issued.

10. Plaintiff's claim is therefore deemed denied by operation of law, and all administrative remedies have been exhausted.

## FACTS

11. On or about July 20, 2023, Plaintiff was lawfully operating his vehicle, a 2017 Toyota Tacoma SR5, 4-door crew cab pickup, southbound in Lane 1 of Main Road in Charleston County, South Carolina.

12. As Plaintiff came out of a slight curve near Chisholm Road, he observed a vehicle owned and operated by the USPS and driven by its employee Jamilah Somania Pinckney traveling northbound in Lane 1 of Main Road.

13. While acting within the course and scope of her employment with the United States, Ms. Pinckney negligently failed to remain in her lane of travel and turned left across the center line into Plaintiff's lane, directly into his path.

14. The front left portion of Plaintiff's vehicle collided with the front of the USPS vehicle, causing substantial property damage, including severe front-end damage to the vehicle, which was deemed a total loss following the collision.

15. As a result of the collision, Plaintiff sustained injuries to his neck, back, left shoulder and arm, and lower extremities, including soft tissue strains, contusions, abrasions, muscle spasms, and related pain and limited mobility.

16. Plaintiff also incurred out-of-pocket expenses including a five-hundred dollar ($500.00) insurance deductible and approximately one thousand six hundred and fifty dollars ($1,650.00) for a vehicle rental.

17. The collision was caused solely and proximately by the negligence and carelessness of Ms. Pinckney in failing to maintain a proper lookout, failing to yield the right of way, failing to remain in her lane, and otherwise operating the vehicle in an unsafe and unlawful manner.

### FOR A FIRST CAUSE OF ACTION
### (NEGLIGENCE)

18. Plaintiff incorporates paragraphs one (1) through eighteen (18) above as if fully set forth verbatim herein.

19. Under South Carolina law as applied through the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), Defendant is liable for the negligent acts of its employees acting within the scope of employment to the same extent as a private person would be under the circumstances.

20. Defendant owed a duty to Plaintiff to operate the USPS vehicle with reasonable care and in accordance with all applicable laws and regulations.

21. Defendant, through its employee, breached that duty in one or more of the following particulars:

    a. Failing to remain in her proper lane of travel;

    b. Failing to yield the right of way;

    c. Failing to maintain a proper lookout;

    d. Failing to maintain control of the vehicle;

    e. Failing to have the vehicle equipped with and use adequate brakes;

    f. Driving too fast for the conditions;

    g. Failing to observe road and traffic conditions or take advantage of any last clear chance to avoid the collision;

    h. Operating a motor vehicle with disregard for the safety of others, including the Plaintiff; and

    i. Otherwise operating the vehicle without exercising the degree of care a reasonably prudent driver would have used under the same or similar circumstances.

22. As a direct and proximate result of the Defendant's negligent acts, Plaintiff sustained injuries and past and future damages including but not limited to:

    a. Physical injuries;

    b. Pain and suffering;

    c. Mental anguish;

    d. Emotional distress;

    e. Medical expenses;

    f. Lost wages and diminished earning capacity;

    g. Property damage; and

    h. Loss of enjoyment of life.

23. Plaintiff seeks damages not to exceed ninety-seven thousand five hundred thirty-eight dollars and ninety-nine cents ($97,538.99), the total amount claimed in his Standard Form 95, except as permitted under 28 U.S.C. § 2675(b) if newly discovered evidence or intervening facts justify an increase.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the Defendant for:

a. Compensatory damages in an amount consistent with Plaintiff's administrative claim and the evidence presented at trial;

b. Costs of this action;

c. Prejudgment and post-judgment interest as allowed by law; and

d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Dana Adkins
Dana Adkins, Esq.
(SC Bar No.: 78863; D.S.C. ID No.: 132929)
ATTORNEY FOR PLAINTIFF
5153 Celtic Drive
North Charleston, SC 29405
Phone: (843) 823-6237
Fax: (843) 589-1239
Email: Dana.Adkins@PalmettoStateInjuryLawyers.com

North Charleston, South Carolina
December 2, 2024